## Silk *v.* Mutual Reserve Fund Life Assn., Appellant.

*Life Insurance—Release—Fraud.*

In an action on a policy of life insurance, where defendant company sets up a release signed by the beneficiary under the policy, it is proper to submit the case to the jury where the evidence for plaintiff, although contradicted, tends to show that when she applied to the agent of the company he told her the company would not pay the policy because the assured had declared that she had never been treated for heart disease, while a letter from a doctor which the agent read to the beneficiary stated that she had been so treated ; and the evidence further tends to show that this letter was false, and had no real existence, and that the beneficiary had signed the release in reliance upon the letter.

*Life Insurance—Statements as to health—Waiver.*

A person applying for life insurance stated in her application that she had never been treated for heart disease. After the policy had been issued she wrote a letter to the company stating that some of the questions in the application which she had signed had not been put to her, and further stated that prior to the signing of the application she had been treated for heart trouble. Notwithstanding this letter, the company, three weeks after its receipt, accepted from the assured an assessment which had been levied about ten days after the letter was received. *Held,* that the evidence was sufficient for the jury to find that the company had waived the irregularity in the application.

Argued Jan. 25, 1894. Appeal, No. 406, Jan. T., 1893, by defendant, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1891, No. 682, on verdict for plaintiff, Mary A. Silk. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Assumpsit on life insurance policy. Before BIDDLE, J.

At the trial, it appeared that defendant association issued to Georgianna B. Gleason a policy of life insurance on her life for $2,000 for the benefit of plaintiff. In the application for the policy was the following question:

"13. Has the applicant ever had any illness, local disease, injury, mental or nervous disease or infirmity, or had any disease, weakness or ailment of the head, throat, lungs, heart, stomach, liver, kidneys, bladder or any disease or infirmity whatever? If yes, state nature, date, duration and severity of attack." To all this the applicant answered "No."

The policy was issued in November, 1890. On Jan. 22, 1891, Mrs. Gleason wrote to the company the following letter:

"Philadelphia, January 22, 1891.

"Looking over one of your blank applications recently, I notice a few questions that the doctor had not put to me that I remember of. They are as follows, and I will give the correct answers: ' Q. Have you at any time consulted a physician? A. Yes. Q. Where? A. Worcester, Mass. Q. When? A. Last May, 1889. His name I don't remember. Q. For what ailment? A. Heart failure. I was directed by one of the employees to make this out and send it in, and that it would be appended to my application. I entered for two thousand the early part of November, 1889. Number of policy I don't know. Please attend to this."

The letter was received Jan. 23, 1891. On Feb. 2d the company levied an assessment, and on Feb. 12th accepted payment of the assessment from Mrs. Gleason.

After Mrs. Gleason's death plaintiff went to the office of Samuel W. Wray, defendant's agent, and asked payment of the policy. Plaintiff testified that Wray exhibited to her a letter from a physician stating that her sister had been treated for heart disease prior to her application. Wray stated that the company would not pay the policy, and that plaintiff had no possible claim. Under these circumstances she signed a release. Plaintiff claimed that the letter referred to by the agent had never been written.

Plaintiff denied that the last assessment, $4.40, had been paid to her at the time the release was executed.

The court left it to the jury to say whether the company

had waived the irregularity in the application, and whether the release had been secured by fraud.

Defendant's points were as follows:

" 1. The falsity of Mrs. Gleason's answers in her application is a sufficient legal cause for the defendant to enter into negotiations with a view to get the policy back, and as there appears no evidence of fraud used on the part of the defendant in procuring the release, the verdict should be for the defendant." Refused. [1]

" 2. The evidence is uncontradicted that the $4.40 repaid by the defendant to the plaintiff was not paid or tendered to the defendant before suit was brought, and hence your verdict should be for the defendant." Refused. [2]

3. Request for binding instructions. Refused. [3]

Verdict and judgment for plaintiff for $2,245.

*Errors assigned* were (1–3) instructions, quoting them.

*W. S. Price,* for appellant, cited: Rowand v. Finney, 96 Pa. 192 ; Bank v. Hartman, 147 Pa. 558 ; Silliman v. Haas, 151 Pa. 52; Spencer v. Colt, 89 Pa. 314 ; Murray v. R. R., 103 Pa. 37 ; Thomas v. Loose, 114 Pa. 35 ; Jackson v. Payne, 114 Pa. 67 ; Jones v. Backus, 114 Pa. 120 ; English v. Hager, 119 Pa. 533 ; North v. Williams, 120 Pa. 109; Billings v. Billings, 135 Pa. 199.

*Wendell P. Bowman,* for appellee, cited : Jenks v. Fritz, 7 W. & S. 201 ; Horbach v. Gray, 8 Watts, 492 ; Bisp. Eq. § 188 ; Nevin's Est., 7 Phila. 506 ; Whelen's Ap., 70 Pa. 410 ; Hunt v. Moore, 2 Pa. 105 ; 1 Story's Eq. § 196, p. 223 ; Bliss on Life Insurance, § 97 ; Knecht v. Ins. Co., 90 Pa. 118 ; Want v. Blunt, 12 East, 183 ; Lantz v. Ins. Co., 139 Pa. 546 ; Act of June 23, 1885, P. L. 134; Levick v. Brotherline, 74 Pa. 149 ; Yost v. Mensch, 141 Pa. 73 ; Deakers v. Temple & Barker, 41 Pa. 242; De Wolf v. McNabb, 1 Atl. R. 440 ; Landis v. Neff, (S. C.), 9 Atl. R. 926.

PER CURIAM, February 12, 1894:

There was no error in refusing to affirm either of defendant's three points, recited in the specifications respectively. In effect,

the affirmance of either would have been a withdrawal of the case from the jury with binding instructions to render a verdict for the defendant. That would have been clear error. The evidence was quite sufficient to require submission of the case to the jury, and that was done in a clear, concise and adequate charge, in which their attention was fairly and impartially called to the questions of fact, presented by the testimony. The verdict in favor of plaintiff was warranted by the evidence; and we find no error in the record, of which the defendant company has any just reason to complain.

Judgment affirmed.